IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| RICHARD C. WELCH, | ) | Civil Action No. 7:16cv00503 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Norman K. Moon |
| Defendant. | ) | United States District Judge |

Richard C. Welch, a federal inmate proceeding *pro se*, filed a "Complaint for Declaratory Judgment," paid a $350 filing fee and $50 administrative fee, and served this action on the United States. This matter is before me on the government's motion to dismiss and Welch's response thereto. Having considered the record, I will grant the government's motion to dismiss.

I.

In his pleading, Welch challenges the classification of marijuana as a Schedule I controlled substance as a violation of his due process rights. Welch asks me to declare that the controlled substance schedules in 21 U.S.C. § 812 and 21 C.F.R. §§ 1308.11(d)(23), (d)(31), are void as they relate to marijuana. Welch alleges that "[b]y virtue of its long-standing status in the [Homeopathic Pharmacopeia of the United Sates]," marijuana is "well-known to be medically-safe and sound for administration to a human being . . . ." and, thus, "could never have been lawfully placed on Schedule I, either in the [Controlled Substance Act] or in the restatement by the Attorney General that is in effect today." Welch also states that he "has been made to suffer loss of property and other rights by way of this wrongful enactment."

Welch is currently incarcerated in the Western District of Virginia. In 2012, after Welch pled guilty, this court convicted him of conspiring to manufacture more than 100 marijuana plants, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, and sentenced him to 150 months of

incarceration.¹ *United States v. Welch*, Criminal Case No. 7:11cr00072-1 (W.D. Va. Aug. 15, 2012). Welch filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging the validity of his guilty plea. *Id.* at Docket No. 69. The court denied the § 2255 motion and the United States Court of Appeals for the Fourth Circuit dismissed his appeal. *Id.* at Docket Nos. 80, 81, and 86. Thereafter, Welch filed a direct appeal of his criminal conviction, which the Fourth Circuit dismissed. *United States v. Welch*, No. 14-4247 (4th Cir. July 21, 2014).

In 2016, Welch filed a "Motion for Declaratory Judgment and Conditional Motion to Vacate Criminal Judgment and Conviction," asking the court to vacate his criminal judgment on the basis that possession of marijuana should not be a crime because marijuana "was actually a lawful medicinal drug." *See United States v. Welch*, Criminal Case No. 7:11cr00072-1, Docket Nos. 106-108 (W.D. Va. Aug. 3, 2016). The court construed and dismissed the pleading as an unauthorized, successive § 2255 motion. *Id.* at 109, 110.

**II.**

The government argues that Welch's instant pleading should be construed and dismissed as a successive § 2255 motion. However, Welch does not directly attack his criminal conviction or sentence and he does not ask to be released from incarceration early. Rather, he seeks a declaration that various laws are void.² In his response to the government's motion to dismiss, Welch states that he is not attempting to file a second or successive § 2255 motion and that, "[a]t some point in the relatively near future, [he] will be set free[, and he] would certainly face impending injury again as a result of cannabis/marijuana activity." He further states that how he

---

¹ On November 1, 2015, Welch's sentence was reduced to 135 months based on a motion pursuant to 18 U.S.C. § 3582(c)(2).

² Perhaps Welch believes that if those laws are declared void, then he will be released earlier; however, he makes no such conclusion in his pleadings.

2

"uses the declaratory judgment for another remedy in the future is not within the four corners of the instant pleading."

To the extent Welch may be challenging his current conviction, I will construe his pleading as a § 2255 motion and grant the government's motion to dismiss it as an unauthorized, successive motion because he has already filed a § 2255 motion concerning the same criminal conviction, there are no new facts upon which Welch is relying, and he has not demonstrated that he has received permission from the Fourth Circuit to file a successive motion. *See* § 2255(h).

**III.**

To the extent Welch is trying to bring this action to challenge any future "injury" he may suffer "as a result of" his anticipated, future "cannabis/marijuana activity," I conclude that Welch lacks standing and, therefore, will grant the government's motion to dismiss.

Article III of the United States Constitution limits the role of federal courts to the decision of cases and controversies. U.S. Const. art. III, § 2. "[T]he doctrine of standing has always been an essential component" of the case or controversy requirement. *Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir. 1997) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To demonstrate standing, a plaintiff must establish that: 1) he has suffered an "injury in fact," meaning an injury that is "concrete and particularized" and "actual or imminent"; 2) a causal connection between the injury and conduct complained of, meaning that the injury is fairly traceable to the defendant's actions; and 3) a likelihood that the injury will be redressed by a favorable decision from the court. *Lujan*, 504 U.S. at 560-61; *Chambers Med. Techs. of S.C., Inc. v. Bryant*, 52 F.3d 1252, 1265 (4th Cir. 1995). "The standing doctrine [] depends not upon the merits, but on whether the plaintiff is the proper party to bring the suit."

*White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 460-61 (4th Cir. 2005) (citations and quotations omitted).

With regard to the injury requirement, the Supreme Court has made clear that it is not necessary that a person expose himself to arrest or prosecution under a statute in order to challenge that statute in federal court. *See Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979); *Steffel v. Thompson*, 415 U.S. 452, 458-60 (1974); *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997). Rather, a credible threat of present or future prosecution under a criminal statute itself works an injury that is sufficient to confer standing to mount a pre-enforcement challenge to that statute. *N.C. Right to Life, Inc. v. Bartlett*, 168 F.3d 705, 710 (4th Cir. 1999). The plaintiff must show that the regulation presents a credible threat of enforcement against the party bringing suit that is not "imaginary or wholly speculative." *Babbitt*, 442 U.S. at 302. Fears of enforcement that are "imaginary or wholly speculative" are insufficient to confer standing. *Id.*

Welch alleges that, "[a]t some point in the relatively near future," he "will be set free," and he "would certainly face impending injury again as a result of cannabis/marijuana activity." According to the Bureau of Prison's inmate locator, Welch is scheduled to be released on August 9, 2021. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc (last visited August 30, 2017). Welch has not demonstrated that he is subject to an actual or imminent threat of injury. He will be incarcerated for approximately four more years and it is wholly speculative that Welch will engage in "marijuana/cannabis activity" after his release from incarceration and that this anticipated future conduct will be criminal at that time. Accordingly, I conclude that he lacks standing to challenge a future "injury" he may suffer "as a result of" his anticipated, future "cannabis/marijuana activity."

**IV.**

Even if Welch had standing, he has not demonstrated a violation of his due process rights. The Fifth Amendment Due Process Clause states that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." S*ee* U.S. Const. amend. V. The Due Process Clause also provides substantive protection to "those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Raich v. Gonzales*, 500 F.3d 850, 862 (9th Cir. 2007) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 719 (1997)) (internal quotation marks omitted). Welch does not have a federally protected right to possess, use, or distribute marijuana and, thus, he has not demonstrated a violation of his rights to due process. *See Raich*, 500 F.3d at 866 ("federal law does not recognize a fundamental right to use medical marijuana . . . ."); *United States v. Oakland Cannabis Buyers' Co-op*, 259 F. App'x 936, 938 (9th Cir. 2007) (the classification of marijuana in Schedule I of the CSA is constitutional); *United States v. White Plume*, 447 F.3d 1067, 1076 (8th Cir. 2006) ("Since categorizing marijuana . . . as a Schedule I substance passes muster under the rational basis test, the CSA does not violate . . . due process rights").

**V.**

Further, Welch has not demonstrated exhaustion of his claims. It is the role of the state and federal legislatures, not the court, to decide whether individuals may legally possess, consume, and distribute marijuana. "[T]he United States Supreme Court has long held that Congress has the power to prohibit and criminalize the cultivation and use of marijuana even if such cultivation and use is conducted in compliance with state laws permitting cultivation and

use of marijuana for medical purposes."[3] *Krumm v. Holder*, No. CIV 08-1056 JB/WDS, 2009 U.S. Dist. LEXIS 52748, at *11, 2009 WL 1563381, at *4 (D.N.M. May 27, 2009) (citing *Raich*, 545 U.S. at 1).

The Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.* ("CSA"), provides that "except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). The CSA divides drugs and certain other substances into five categories, or schedules, that impose varying restrictions on access to a drug according to the schedule in which the drug has been placed. *See* 21 U.S.C. § 812(a). A drug is assigned to Schedule I, the most restrictive schedule, if (1) it "has a high potential for abuse," (2) it "has no currently accepted medical use in treatment in the United States," and (3) "there is a lack of accepted safety for use of the drug . . . under medical supervision." 21 U.S.C. § 812(b)(1). Marijuana is assigned, by statute, to Schedule I and, thus, is illegal to use or possess. *See* 21 U.S.C. § 812(c).

The Attorney General, who has delegated this responsibility to the Drug Enforcement Administration ("DEA"), may modify placement of a substance on the drug schedules by relying on medical and scientific expertise provided by the Department of Health and Human Services ("DHHS") after certain information has been collected. *See* 21 U.S.C. §§ 811-12; 28 C.F.R. §§ 0.100(b) & 0.104, Appendix to Subpart R, sec. 12; 21 C.F.R. § 1308.43(d); *Gonzales v. Oregon*, 546 U.S. 243, 243 (2006) ("The Attorney General may add, remove, or reschedule substances only after making particular findings, and on scientific and medical matters, he must

---

[3] "What states attempt to do with their medical marijuana laws may be helpful to the DEA in making its decisions, but the states' actions do not eliminate the need for the complex inquiry that Congress has required for drug scheduling changes." *Krumm v. Holder*, No. CIV 08-1056 JB/WDS, 2009 U.S. Dist. LEXIS 52748, at *27, 2009 WL 1563381, at *8 (D.N.M. May 27, 2009).

accept the findings of the Secretary of Health and Human Services . . . ."); *Americans for Safe Access v. DEA*, 706 F.3d 438, 441 (D.C. Cir. 2013). If, after considering all studies, evaluations, recommendations, and other relevant data, the DEA Administrator finds "substantial evidence" that the scheduling of a drug should be modified, the DEA Administrator must initiate appropriate rulemaking proceedings. *See* 21 U.S.C. § 811(b); 21 C.F.R. § 1308.43(e). Under the CSA, "any person aggrieved by a final decision" of the DEA under the Act "may obtain review of the decision" in the appropriate court of appeals. 21 U.S.C. § 877. Judicial review of any rescheduling decision is exclusively committed to the jurisdiction of the Courts of Appeals. *See* 21 U.S.C. § 877.

Existing law provides a clear non-judicial process by which Welch and others may seek to establish the lawful use of marijuana for medicinal purposes: they may petition the DEA to reschedule or remove marijuana from Schedule I of the CSA. Welch has not demonstrated that that he has exhausted this administrative remedy and a scheduling decision is not a legal determination that an Article III court is qualified to make without an administrative record to review. *Krumm v. Holder*, 2009 U.S. Dist. LEXIS 52748, at *27, 2009 WL 1563381, at *8. Further, once Welch has exhausted the administrative process, he must seek judicial review, not in this or any other federal district court, but rather in the appropriate court of appeals. 21 U.S.C. § 877. Accordingly, I will grant the government's motion dismiss this action.

**ENTER**: This __30th__ day of August, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

7